UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NOEL D. E. DANDY, :
        Plaintiff, :
         :
  v. : CA 10-288 ML
         :
UNITED STATES OF AMERICA, :
U.S. GOVERNMENT, U.S. ATTORNEY, :
U.S. ATTORNEY GENERAL, THE :
SOCIAL SECURITY ADMINISTRATION, :
MR. LEFOLEY, MANAGER, REGIONAL :
COMMISSIONER, MANUEL J. VAZ, THE:
U.S. JUSTICE DEPARTMENT, U.S. :
DEPARTMENT OF HEALTH AND HUMAN :
SERVICES, U.S. DEPARTMENT OF :
AGRICULTURE, :
        Defendants. :

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

    Before the Court is the Application to Proceed without Prepayment of Fees and Affidavit (Docket ("Dkt.") #2) ("Application to Proceed without Prepayment of Fees" or "Application") filed by Plaintiff Noel D. E. Dandy ("Plaintiff"). Because I conclude that the Application should be denied, it is addressed by way of this Report and Recommendation. See Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) (explaining that because denial of a motion to proceed in forma pauperis is the functional equivalent of an involuntary dismissal, a magistrate judge should issue a report and recommendation for a final decision by the district court).

**Discussion**

Plaintiff's Complaint (Dkt. #1) is similar to previous complaints which he has attempted to file in this Court and which have resulted in dismissal, see Noel D. E. Dandy v. United States of America ("Dandy v. United States"), CA 04-449 ML, Report and Recommendation of 12/28/04 (Martin, M.J.) ("R&R of 12/28/04"), at 2-14 (discussing Plaintiff's complaint, first amended complaint, and second amended complaint); id. at 17 (recommending dismissal of second amended complaint because, among other reasons, "[m]any of the allegations are incoherent or conclusory and do not give fair notice of the bases for Plaintiff's claim(s)"), or a recommendation for dismissal, see Noel D. E. Dandy v. Paul Latroverse, Sr. ("Dandy v. Latroverse") CA 10-289 S, Report and Recommendation of 7/26/10 (Martin, M.J.) at 2 (finding Plaintiff's complaint to be "largely incomprehensible").  As was true with his prior filings, the instant Complaint is similarly incoherent, confusing, and largely incomprehensible.

As best the Court can understand, it appears that Plaintiff contends that he has been "[w]ronged" by the U.S. Government, see Complaint ¶ 3, because at some unspecified time in the past he was injured "on a U.S. property where []he lived with his wife & children ...." id.  However, how Plaintiff was injured and on what basis the U.S. Government may be liable for such injuries is not stated.  Plaintiff additionally alleges generally that "the

U.S. has denied the plaintiff['s] Civil Right's & every [sic] for over 17 years."[1]  Id.  He additionally alleges that he has been denied food stamps and housing for the disabled which, he asserts, "white's receive ...," id. ¶ 4, but Plaintiff does not state when and where these purported acts of discrimination occurred or who committed them.  Plaintiff also appears to state that he wants "criminal charges filed ... against all parties & all defendant[s]," id., and that "all defendant[s] acted in 'concert' to 'deny' Dandy his right's by birth," id., but he provides no factual basis for these conclusory statements.

Federal Rule of Civil Procedure 8(a) requires that a Complaint contain: (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's Complaint clearly fails to satisfy the first two of these requirements.

In view of Plaintiff's previous filings, see Dandy v. United States, CA 04-449 ML, R&R of 12/28/04 at 2-14 (discussing Plaintiff's filings), Dandy v. Latroverse, CA 10-289 S, Report and Recommendation of 7/26/10 at 2 (finding Plaintiff's complaint

---

[1] Immediately after this averment, Plaintiff adds: "And 25 years of 'Oppression' with death resulting on '2' different times (9-11) & (22-23) with death resulting 28 U.S.C. 1346.  Leaving the plaintiff with memory & pain problems & Trauma to the head." Complaint ¶ 4. Such statements typify the problematic nature of Plaintiff's pleadings.

"incoherent, disjointed, confusing, and largely incomprehensible"), no purpose would be served by affording Plaintiff an opportunity to file an amended complaint in this matter.  There is no reason to believe that an amended complaint would be any more comprehensible than his previous filings.[2]

## Conclusion

Accordingly, for the reasons stated above, I recommend that the Application be denied and that the action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)[3] because it

---

[2] In Dandy v. United States, CA 04-449 ML, the Court made a significant effort to guide Plaintiff:

> The court has conducted two hearings and issued two written orders in an attempt to give Plaintiff the opportunity to file a complaint which complies with the Federal Rules of Civil Procedure.  Despite these efforts, Plaintiff's Second Amended Complaint contains several of the deficiencies which were fatal to his earlier pleadings.  It contains multiple, unrelated causes of action.  It lacks a short and plain statement of the grounds on which the court's jurisdiction depends for each cause of action.  Many of the allegations are incoherent or conclusory and do not give fair notice of the bases for Plaintiff's claim(s) ....  Therefore, the Second Amended Complaint fails to state a claim upon which relief may be granted, and it should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

Dandy v. United States, CA 04-449 ML, R&R of 12/28/04 at 17.

[3] Section 1915(e)(2) states that:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i)  is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or

fails to state a claim upon which relief may be granted. See Feeney v. Correctional Medical Services, Inc., 464 F.3d 158, 161 n.3 (1st Cir. 2006)(noting that § 1915(e)(2)(B)(ii) authorizes a federal court, sua sponte,[4] to dismiss an action filed in forma pauperis if the court determines that it fails to state a claim on which relief may be granted).

Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
July 26, 2010

---

        (iii) seeks monetary relief against a defendant
        who is immune from such relief.

28 U.S.C. § 1915(e)(2).

[4] Sua sponte means "[w]ithout prompting or suggestion; on its own motion ...." Black's Law Dictionary 1464 (8th ed. 1999).